THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *v.* SAM ADAM, Contemnor-Appellant.

(No. 56611; )

First District (5th Division)—October 26, 1973.

Edward M. Genson and Arnette R. Hubbard, both of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago, (Kenneth L. Gillis and James E. Staruck, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE DRUCKER delivered the opinion of the court:

Sam Adam, an attorney, was found guilty of contempt of court and fined $100. On appeal he raises a single issue—whether the evidence had shown his conduct to be so willful as to justify a finding that he had been in contempt.

The factual basis of this case is uncomplicated: contemnor failed to appear in court on behalf of his client, one Charles White. The case was

called for trial at 10:00 A.M. on May 26, 1971, having been continued five times over a period of more than four months, all on motion of defendant, four times while Adam was of record and two of those times over the objection of the State. No affidavit for a continuance had been filed. The State, having received no communication from contemnor with regard to his being absent, was ready for trial. W. Mauldin Smith, counsel for Charles White's codefendant, Andrew Grant, appeared for his client. Smith indicated that he had seen contemnor approximately one-half hour before trial was to begin but was unable to learn his intentions. The case was then passed. When it was again called at 11:45 that morning, it was revealed that the judge's bailiff had just received a phone call from an unknown source indicating that contemnor was on trial before another judge in the same building. The trial judge then instructed White to inform contemnor that he was to be present at 1:30 P.M. At that time the case was again called. Contemnor once more failed to appear. White apprised the court that he had, indeed, located him, but contemnor had been too busy to talk with him. The subpoenaed witnesses had been in court from 9:30 A.M. All efforts to secure contemnor's presence having proved futile, the court requested that the State's attorney prepare a rule to show cause why Adam should not be held in contempt of court. Contemnor filed a written answer claiming that he had been "otherwise engaged" on May 26 and therefore the rule to show cause should be dismissed.

At the hearing on the rule to show cause contemnor moved for a substitution of judges. This motion was denied. The judge made the transcripts of the hearings on the morning and afternoon of May 26 part of the record and summarized those happenings. He also stated that no affidavit for continuance had been filed; that he was in his chambers until 5:00 P.M. and that Adam did not appear. Contemnor then chose not to put on a defense to the contempt charge, apparently intending to preserve his jurisdictional complaint for appeal. The court, after making findings of fact, held contemnor guilty and imposed a $100 fine.

OPINION

■■ Although contemnor relied on his motion for substitution of judge in the trial court, on appeal he has abandoned that point and only contends that the evidence adduced below was not sufficient to sustain his conviction. We could dispose of this appeal by following the well settled rule "that reversal of a judgment cannot be urged upon a ground not submitted to the trial court and upon which it did not and was not asked to decide. (*People v. Brand*, 415 Ill. 329.)" (*People v. Swets*, 24 Ill.2d 418, 424, 182 N.E.2d 150.) Not having contested the evidence be-

low, Adam is not entitled to raise this issue for the first time on review. However, we have examined Adam's answer to the rule to show cause and find no excuse or reasonable explanation for his conduct.

We find it significant that while claiming to have been "otherwise engaged" in a murder trial involving three other lawyers and six defendants, contemnor's written answer to the rule to show cause indicates that he actually participated in two proceedings on May 26, first a contempt hearing of an unrelated person, and, upon its conclusion, the trial to which he alluded in his answer. Although all courtrooms are in the same building, he fails to explain why he did not present himself and inform the court of his intentions with regard to his representation of White either during a break in his other engagements, or during lunchtime, or prior to the date of trial so the witnesses would not be present unnecessarily. It is to be noted that other jurisdictions have held an attorney's absence from court at a specified time to proceed with a hearing constitutes contempt of court. *In re Niblack* (D.C. Cir.), 476 F.2d 930.

The conviction of contemnor is affirmed.

Affirmed.

ENGLISH and LORENZ, JJ., concur.