JILL M. FOGLIANO, Petitioner-Appellant, *v.* ANTHONY T. FOGLIANO, Respondent-Appellee.

Third District    No. 82—431

Opinion filed April 14, 1983.

Stephen W. Bush and Michael L. Bush, both of Bush and Bush, of Morton, for appellant.

Jack C. Vieley, of Peoria, for appellee.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

The parties were divorced on July 12, 1976. Custody of the parties' minor child was given to the petitioner, Jill M. Fogliano. The decree provided that the respondent, Anthony T. Fogliano, pay a sum of $25 per week for the support of the minor child. The support payments were to increase to $40 per week after the respondent completed an apprenticeship.

On January 28, 1982, the petitioner filed a petition for rule to show cause why the respondent should not be held in contempt for wilfully failing to pay the weekly child support payments. The petition alleged that $9,835 in arrears was due her. She also asked the court to award attorney fees and court costs.

The respondent stated his reasons for his failure to make support payments in his response to interrogatories put to him by the petitioner. He alleged that the petitioner came to him in 1979 and told him "it was more important that the Respondent be a father to the minor child than the actual money." The respondent said he was in poor financial condition at that time. He claimed that the petitioner said that if "he saw and kept the minor child for the Petitioner the Petitioner would not take Respondent into Court to collect this money."

The respondent also stated in his answers to the interrogatories that he did not complete the apprenticeship program mentioned in the divorce decree.

On April 6, 1982, the respondent filed a petition to suspend child support because he was being "laid off" from his job at Caterpillar Tractor Company. He filed a motion for specific visitation of the minor child on April 14, 1982.

After a hearing on petitioner's petition for rule to show cause, the court entered an order on June 7, 1982. The order stated that the re-

spondent had failed to prove his asserted defense of equitable estoppel. The duty of support was due and owing from the respondent to the petitioner at all times since the parties' divorce. The amount of support was $25 per week and not $40 per week, so that the amount in arrearage was $6,160. The order provided for a judgment against the respondent in the amount of $6,150. The court found the respondent in wilful contempt of court for failing to pay child support.

The order provided that the respondent pay the $25 per week support for so long as his supplemental unemployment benefits were received. In the event that the benefits ceased during his unemployment, the duty to pay support would abate. The respondent was ordered to use his best efforts to obtain employment. When the respondent became employed, he was to pay the petitioner $25 per week as support and an additional $25 per week towards the arrearage.

The respondent's motion for specific visitation was denied in the order.

The order further stated: "That Petitioner's request for attorney's fees is denied and that each party is directed to pay his and her own respective fees."

The petitioner filed a timely appeal. She asserts that the trial court did not have the discretionary power to deny attorney fees under section 508(b) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1981, ch. 40, par. 508(b)). The petitioner argues that while the court had discretion to determine reasonable fees, it had no authority to deny fees. She asks this court to vacate the order denying her request for fees and to remand the cause to the trial court for a determination of a reasonable amount of attorney fees.

The respondent argues that the petitioner's appeal cannot prevail because she has failed to file a complete record of the trial court's proceedings; that her issue cannot be reviewed without a report of proceedings or bystander's report. The respondent also argues that the awarding of attorney fees was discretionary with the court. He points out that the trial court acted properly in denying the petitioner's attorney fees, because there was no evidence presented, either in the trial court or in the record, concerning the basis of reasonableness of the fees requested. There is no response to these allegations as the plaintiff did not file a reply brief.

The respondent filed a motion to dismiss the appeal on the ground that an inadequate record has been filed by the petitioner. He alleges that the petitioner has not filed a report of proceedings and has failed to comply with Supreme Court Rule 323 (87 Ill. 2d R. 323). This mo-

tion, along with the petitioner's objection to the motion, are taken with the case.

The petitioner argues against the respondent's motion to dismiss on the ground that the June 7, 1982, order constitutes a sufficient record for review of the question of law presented to us.

■ We have reviewed the June 7, 1982, order and find that it contains sufficient information to allow review of the petitioner's issue. Therefore, the respondent's motion to dismiss is denied.

Section 508 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1981, ch. 40, par. 508), was recently amended by Public Act 82–515, effective January 1, 1982. The Act changed the section to read:

> "Sec. 508. *** (a) The court from time to time, after due notice and hearing, and after considering the financial resources of the parties, may order either spouse to pay a reasonable amount for his own costs and attorney's fees and for the costs and attorney's fees necessarily incurred by the other spouse, which award shall be made in connection with the following:
>
> * * *
>
> (2) The enforcement or modification of any order or judgment under this Act other than the enforcement of a provision for child support.
>
> * * *
>
> (b) In every proceeding for the enforcement of an order or judgment for child support in which relief is granted to the parent having custody of the child and the court finds that the failure to pay child support was without cause or justification, the court shall order the party against whom the proceeding is brought to pay the custodial parent's costs and reasonable attorney's fees." (Underlined portions were added by Public Act 82–515.) (1981 Ill. Laws 2613.)

The language of former part (b) remains unchanged; however, it is found under part (c).

The petitioner argues that under the new section 508(b), she should have been awarded reasonable attorney fees. She claims that the awarding of such fees is no longer discretionary with the trial court. The petitioner points out that the court had the discretion to determine reasonable fees in any amount but had no power to deny fees outright.

The primary consideration in construing the language of a statute is to give effect to the intent of the legislature. Where several constructions may be placed on a statute, the court should select that

which leads to a logical result and avoid those which would be absurd. (*Board of Education v. Community High School District No. 211* (1967), 89 Ill. App. 2d 481, 485, 232 N.E.2d 316, 318.) From a review of the case law, we note that the interpretation of section 508(b) in the instant case appears to be one of first impression in Illinois.

Section 508(a) allowed the trial court to exercise its discretion in awarding attorney's fees and costs in certain actions brought under the Illinois Marriage and Dissolution of Marriage Act. (Ill. Rev. Stat. 1981, ch. 40, par. 508(a); *In re Marriage of Pedersen* (1979), 77 Ill. App. 3d 716, 396 N.E.2d 659.) Public Act 82—515 specifically excludes support orders or judgments from that discretionary provision by the additional language in 508(a)(2). The language in section 508(a)(2), "other than the enforcement of a provision for child support," states an exception to that to which section 508(a) applies. The trial court's discretionary power to order a spouse to pay a reasonable amount for costs and attorney fees incurred by the other spouse in the enforcement or modification of any order or judgment under chapter 40 does not apply to child support enforcement actions. An examination of section 508(b) under traditional rules of statutory construction reinforces this interpretation.

Public Act 82—515 not only specifically excluded child support enforcement actions from the court's discretionary power in awarding costs and attorney fees, but added an additional paragraph, section 508(b), concerning support actions. The language of section 508(b) provides that the court "shall" order the payment of costs and fees under certain conditions. Those conditions require that in every child support enforcement action where the custodial parent of the child is granted relief and the failure to pay child support was "without cause or justification," the party against whom the action was brought "shall" be ordered to pay the costs and reasonable attorney fees incurred by the custodial parent. While the statute's meaning appears quite clear, it is necessary to determine whether the use of the word "shall" requires a mandatory interpretation.

The use of the word "shall" is generally regarded as mandatory, however, it does not have a fixed or inflexible meaning. It can be construed as meaning "may" depending on the legislative intent. (*Andrews v. Foxworthy* (1978), 71 Ill. 2d 13, 373 N.E.2d 1332.) In order to construe the meaning of "shall" in section 508(b), we have examined the intent of the legislators who enacted it.

In reviewing the legislative history of Public Act 82—515, the arguments in the House and Senate clearly indicate that the awarding of costs and attorney fees was intended to be mandatory. (Illinois

House of Representatives, 82nd General Assembly, Transcription of Debate, House Bill 534, April 22, 1981, at 63-64; May 14, 1981, at 267-76; June 29, 1981, at 23-28; Illinois Senate, 82nd General Assembly, Transcription of Debate, House Bill 534, June 16, 1981, at 72-73; June 23, 1981, at 76-79.) The legislature was concerned with the problem of nonsupport by parents who had been ordered by prior court decree to pay child support. It was pointed out during the debates that in the majority of cases the parent who is supposed to be paying child support to the custodial parent fails to do so. Because of this lack of support many custodial parents and their children must live on public aid. If the custodial parent tries to enforce the order of child support by court action, the party has the added financial burden of paying costs and attorney fees. This financial burden deters many custodial parents from enforcement action. It was noted that in some instances the amount of fees can exceed the amount of support arrearage so that there is no advantage in enforcement. The legislature also thought that if the change were enacted, out-of-court settlement of these child support cases would increase because the delinquent parent would know he or she was liable for costs and fees if the matter went to court.

The legislature also took into consideration the fact that in certain cases the delinquent parent may have reasons for nonpayment of support. The original bill was amended in the Senate to reflect this consideration by adding the requirement that nonpayment of support was "without cause or justification." The legislature specified that it would be within the discretion of the trial court to determine if the nonpayment of support was without cause or justification.

■ Clearly the intention of the legislature was that the word "shall" in section 508(b) be mandatory. The purpose behind the amendment to section 508 would not be served if a permissive meaning was placed on "shall." The custodial parent would be in the same position he or she was prior to the passage of the amendment if "shall" is not meant to be mandatory. Therefore, we find that section 508(b) is a mandatory provision requiring the trial court to order the parent against whom the child support enforcement action was brought to pay the costs and reasonable attorney fees incurred by the custodial parent in bringing the action. Of course, the court must find the delinquent parent failed to pay support "without cause or justification."

■ The trial court in the instant case failed to order the respondent to pay the reasonable attorney fees incurred by the petitioner. The June 7, 1982, order indicates that the respondent was "without

cause or justification" in his failure to pay child support. The order stated that the respondent failed to prove his defense of equitable estoppel and found the respondent in wilful contempt of court. The petitioner, the custodial parent, was awarded relief in her child support enforcement action against the respondent. Section 508(b) required that the respondent be ordered to pay the petitioner's costs and reasonable attorney fees under the circumstances here.

Based on the foregoing analysis, that part of the order of the circuit court of Tazewell County which denied attorney fees to the petitioner is vacated. The cause is remanded for a hearing to determine the costs and reasonable attorney fees incurred by the petitioner in the enforcement action, the payment of which is to be made by the respondent.

Vacated and remanded.

ALLOY and SCOTT, JJ., concur.