*In re* MARRIAGE OF JUDITH ANN CHENOWETH a/k/a Judith Ann Collins, Petitioner-Appellant, and RICHARD WAYNE CHENOWETH, Respondent-Appellee.

Fifth District No. 5—84—0500

Opinion filed June 20, 1985.—Rehearing denied July 17, 1985.

Roy Eugene Clark and Zari Ann Kalo-Keistler, both of Clark Law Offices, of Mt. Vernon, for appellant.

Terry H. Gamber, of Mt. Vernon, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

Petitioner, Judith Ann Collins, appeals from an order entered by the circuit court of Jefferson County on July 3, 1984, allowing respondent's, Richard Wayne Chenoweth's, petition to abate child support, refusing to hold respondent in contempt of court, and refusing to award petitioner attorney fees and costs. For the reasons which follow, we affirm in part, reverse in part, and reverse and remand with directions in part.

The parties' marriage was dissolved by the circuit court of Jefferson County on February 10, 1982. Respondent was ordered to pay the sum of $265 per month child support for two minor children. He was further ordered to keep certain health insurance in force for the bene-

fit of the minor children, to pay premiums on life insurance policies for the benefit of the children, and to pay one-half of all dental bills for the children. On May 22, 1984, petitioner filed a petition to hold respondent in contempt for failing to pay child support, to provide for medical coverage, to pay his share of dental bills and to keep life insurance premiums current; she also prayed for allowance of reasonable attorney fees and costs. On June 15, 1984, respondent filed a petition to temporarily suspend or abate child support payments. A subsequent petition for attorney fees and costs was filed by petitioner. A consolidated hearing on all petitions was held on June 27, 1984. The court's order of July 3, 1984, ordered respondent to cash certain United States savings bonds and to make available the sum of $2,500 of pension proceeds, upon receipt of same by respondent from the United States Government, for the payment of child support and other obligations for the benefit of the children as provided in the original dissolution decree. The court further ordered:

"E. That Defendant's Petition to Temporarily Suspend or Abate Child Support Payments shall be and is hereby granted after said United States Savings Bonds and said sum of $2,500.00 have been exhausted. [sic] and while Defendant is not gainfully employed."

Petitioner contends on appeal that the trial court erred in (1) anticipatorily granting respondent's petition to suspend child support payments on the contingencies of exhaustion of monies and nonemployment, and in failing to find a substantial change in circumstances; (2) failing to hold respondent in contempt and in failing to find nonpayment of child support not to be in good faith; and (3) failing to award petitioner attorney fees and costs.

■■■ There is no question that substantial economic reverses resulting from unemployment are proper circumstances to consider by the trial court in determining whether support obligations should be reduced or terminated, but such changes in economic circumstances must be fortuitous in nature, and not the result of deliberate action by the party seeking the reduction or termination. (*In re Marriage of Stephenson* (1983), 121 Ill. App. 3d 698, 700-01, 460 N.E.2d 1.) In the case at bar, respondent made a unilateral decision in March of 1984 to quit his job paying $19,400 per year as gross income. He gave oral notice to his employer in late March of 1984 of voluntary termination of his employment followed by a written notice on April 3, 1984. His last day of work was April 25, 1984. By his own testimony at trial, respondent established that the last time he paid child support was in March of 1984. He further testified that he did not care what hap-

pened at the time he resigned and did not take into consideration the welfare of his children. His only argument is that he felt depressed at the time, although he never sought medical attention. Where the change in circumstances was brought about by the party seeking the reduction in support payments, the court has not hesitated to reverse the granting of such reductions. (*Shellene v. Shellene* (1977), 52 Ill. App. 3d 889, 891, 368 N.E.2d 153.) Unless good faith is shown, a voluntary change in or termination of employment will not be considered a sufficient material change to warrant abatement or modification of child support payments. *Glass v. Pietchel* (1976), 42 Ill. App. 3d 240, 242, 355 N.E.2d 750.

■ In addition, the order of the trial court necessarily depends on the respondent receiving pension funds. The fact that respondent is *expected* to receive pension funds does not mean he *will* receive such funds. Such expectancies should not and cannot be considered by the trial court. (*Schwartz v. Schwartz* (1976), 38 Ill. App. 3d 959, 349 N.E.2d 567.) Also, the trial court's order provided for suspension of child support payments at such time as certain funds were exhausted and while respondent was not gainfully employed. This provision is one that may become effective several months or years after the order was entered. There is no way the court could determine what the needs of the minor children would be at that time. Speculation of this nature was addressed by this court in *Barrow v. Barrow* (1975), 33 Ill. App. 3d 654, 658, 342 N.E.2d 237, when, in reversing the trial court, we said, "In our opinion the court's decision should reflect the circumstances at the time the order is entered. If further changes are to be made, they should be made on petition of one of the parties and after hearing pertinent evidence regarding the change in circumstances ***." We agree with the petitioner that the trial court erred in modifying the child support payments.

■ Regarding the trial court's failure to hold defendant in contempt of court, a *prima facie* showing of contempt was made by the undisputed evidence that respondent had failed to make the child support payments as provided in the judgment of dissolution. He admitted in his own testimony that he last paid child support in March of 1984. The burden then shifted to respondent to show that the failure to pay was not wilful, but due entirely to his inability to pay. "It is not a contempt of court to fail to pay money which one neither has nor can obtain and which he has not causelessly either put out of his hands or failed to receive." (*White v. Adolph* (1940), 305 Ill. App. 76, 79, 26 N.E.2d 992.) Nevertheless, financial inability to comply with an order must be shown by definite and explicit evidence. (*First Na-*

*tional Bank & Trust Co. v. Desaro* (1963), 43 Ill. App. 2d 153, 159, 193 N.E.2d 113.) That burden is not met by testimony of a general nature with regard to financial status. Where a party seeks to show that failure to pay is due to inability, that party must show, with reasonable certainty, the amount of money he has received since the order was made and that it has been disbursed in the payment of expenses which, under the law, he should pay before making any payment for support under the judgment. (*In re Marriage of Ramos* (1984), 126 Ill. App. 3d 391, 398, 466 N.E.2d 1016.) The respondent in this case failed to do any of these things, and expects this court to accept and verify his inability to pay based upon his self-serving statement made at trial and in his brief that his failure to pay was due to his depression. In fact, the evidence shows that in addition to employment which he voluntarily terminated, Mr. Chenoweth had accessible means with which to pay the support payments. At the June 27, 1984, hearing he admitted that he could have sold some firearms that he owned to pay the child support payments. He also admitted that he received $390 in connection with a damage claim to his truck. He testified in open court that he had $800 available for child support, but that it was more important for him to keep his firearms than to pay child support. For these reasons, the trial court erred in not holding respondent in contempt of court.

■■ Petitioner's final contention on appeal is that the trial court erred in failing to award petitioner attorney fees and costs in connection with prosecution of her petition for contempt and in relation to the filing by respondent of his petition to temporarily suspend or abate child support payments. As we have previously indicated, a contempt order should have been entered by the trial court, and attorney fees and costs of petitioner in connection with the contempt proceedings should have been ordered paid by respondent under section 508(b) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1983, ch. 40, par. 508(b)). Section 508(b) is a mandatory provision requiring the trial court to order the parent against whom the child support enforcement action was brought to pay the costs and reasonable attorney fees incurred by the custodial parent in bringing the action when the delinquent parent failed to pay support without cause or justification. *Fogliano v. Fogliano* (1983), 113 Ill. App. 3d 1018, 446 N.E.2d 866.

■■ The petition for attorney fees filed by petitioner in connection with her defense of respondent's petition to suspend child support payments does not come within the provisions of section 508(b), and is governed by the general rule that the allowance of attorney fees is

within the sound discretion of the trial court, and its determination will not be overturned unless the trial court has clearly abused its discretion (*Hofmann v. Hofmann* (1983), 94 Ill. 2d 205, 229, 446 N.E.2d 499). We cannot say that there was an abuse of discretion here, and we affirm the trial court's denial of attorney fees in connection with petitioner's defense of respondent's petition to suspend child support.

Accordingly, that part of the order of the circuit court of Jefferson County suspending child support payments is reversed. That part of the order refusing to hold respondent in contempt is reversed, and the cause is remanded with directions to the trial court to hold respondent in contempt, impose appropriate sanctions, and to award petitioner attorney fees and costs in connection with the contempt proceedings. The remainder of the order is affirmed.

Affirmed in part, reversed in part, and reversed and remanded with directions in part.

WELCH and KASSERMAN, JJ., concur.