*In re* MARRIAGE OF PHILLIP A. WASSOM, Petitioner-Appellant, and SHIRLEY K. DIEHL, f/k/a Shirley K. Wassom, Respondent-Appellee.

Fourth District   No. 4—87—0303

Opinion filed February 11, 1988.—Rehearing denied March 21, 1988.

Law Offices of Ora J. Baer II, of Champaign, for appellant.

No brief filed for appellee.

JUSTICE KNECHT delivered the opinion of the court:

The parties were divorced on August 11, 1983. Under a marital settlement agreement reached in 1984, the circuit court of Champaign County awarded Phillip A. Wassom (Wassom) custody of the two minor children, and his former wife Shirley K. Diehl (Diehl) was ordered to pay child support. Diehl was granted monthly visitation rights. When Diehl lost her job, the trial court, on May 6, 1985, modified the support order and instructed Diehl, upon gaining employment, to begin child support payments equal to 25% of her net pay. The trial court found both Wassom and Diehl in indirect civil contempt for their wilful violation of previous orders on December 23, 1986. Diehl had obtained employment but failed to report her income and pay 25% of it to child support. Wassom had denied Diehl her visitation rights. Later the trial court found both parties had purged themselves of contempt. Accordingly, no sentence was imposed and attorney fees were denied. Wassom appeals the trial court's finding that Diehl had purged herself of contempt, the court's denial of attorney fees, and the court's refusal to state the child support level in dollar amounts. We affirm in part, reverse in part and remand.

On January 31, 1984, the parties entered into a marital settlement agreement which was incorporated into a judgment. The agreement required Diehl to pay $50 per month in child support for each of her children and to furnish Wassom with copies of her yearly income tax returns and W-2 forms. Diehl later petitioned the trial court for modification of the judgment due to her then unemployed status. On May 6, 1985, the court granted her petition in part and instructed her to diligently look for employment. Diehl was instructed to immedi-

ately notify Wassom or his attorney in writing when she obtained employment and to provide the amount of her gross and net income from such employment. The amount of child support payments was to equal 25% of her net pay. Wassom was awarded attorney fees.

Subsequently, both parties filed petitions to modify the 1984 judgment and 1985 order. In addition, Diehl petitioned the circuit court to enter a finding of contempt against Wassom for his refusal to comply with the visitation provisions of the 1985 order. Wassom's petition alleged Diehl had paid only $85 in child support since the 1985 order was issued. He requested the child support figure be modified to the dollar amount of $100 per month. Wassom filed a similar petition for a finding of contempt against Diehl for her failure to provide Wassom with copies of her tax returns and W-2 forms, her failure to notify Wassom of any employment she obtained and the amount earned from such employment, her failure to pay 25% as child support and her failure to reimburse Wassom for previous attorney fees.

On December 23, 1986, the trial court heard testimony on these petitions and made the following findings:

"[1.] The evidence received in open Court shows the Defendant has been employed during the period of September 1985, through February, 1986, and also during July of 1986, and would be obligated to pay to the Plaintiff 25% of her net income for this period.

[2.] The Order of this Court entered on May 6, 1985, is unambiguous with respect the [sic] obligations of Defendant with regard to reporting income and paying child support.

[3.] The Order of this Court entered May 6, 1985, does not require notice of intent to exercise visitation rights or provide for waiver of visitation by failure to exercise visitation rights.

[4.] Based upon the evidence received in the terms of the previous Orders of this Court, both Plaintiff and Defendant are found to be in indirect civil contempt of this Court.

\* \* \*

[6.] The question of attorney's fees for Plaintiff's counsel and Defendant's counsel is reserved.

\* \* \*

(e) [Wassom's] request that child support be modified is denied."

On January 30, 1987, the parties appeared for sentencing on the civil contempt finding. The following colloquy took place:

"THE COURT: Tell me, first [Wassom], how are things coming along with the children with the parties?

MR. WASSOM: I don't have any problems.

THE COURT: [Mrs. Diehl]?

MRS. [DIEHL]: No problems at all.

[MRS. DIEHL'S COUNSEL]: That's my understanding, your honor, is that there are no difficulties currently.

* * *

THE COURT: Court finds that the parties have purged themselves of contempt. Sentencing is hereby abated.

* * *

Attorney's fees denied."

On February 27, 1987, Wassom made a motion for reconsideration of the orders entered on December 23, 1986, and January 30, 1987. The court denied the motion but ordered Diehl to pay a $615 child support arrearage. The 25% of net income scale was not altered. Wassom appeals the circuit court's denial of his motion for reconsideration.

Initially we note Diehl did not file a brief. However, the record is clear, and we can decide the issues before us without her assistance. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

■ First, Wassom contends the trial court (1) should have found Diehl in indirect civil contempt for her failure to produce income tax returns and W-2 forms and (2) should have imposed sanctions on Diehl after finding her in contempt on December 23, 1986, for failure to pay child support. It is well established in Illinois that failure to pay child support is *prima facie* evidence of contempt. (*Storm v. Storm* (1973), 9 Ill. App. 3d 1071, 293 N.E.2d 633; *Sullivan v. Sullivan* (1973), 16 Ill. App. 3d 549, 306 N.E.2d 604.) However, whether and on what grounds a party is guilty of contempt and the decision whether or not to punish a contemnor rests within the sound discretion of the trial court. Such discretion will not be reversed, except where it has been grossly abused. (*Board of Junior College District No. 508 v. Cook County College Teachers Union, Local 1600* (1970), 126 Ill. App. 2d 418, 262 N.E.2d 125, *cert. denied* (1971), 402 U.S. 998, 29 L. Ed. 2d 165, 91 S. Ct. 2168; *In re Marriage of Houston* (1986), 150 Ill. App. 3d 608, 501 N.E.2d 1015.) We find no abuse of discretion here.

■ On December 23, 1986, the court heard testimony that although Diehl was employed full time from September 1985 through February 1986 at $3.40 per hour and for 2½ to 3 weeks in July 1986, she had paid only $85 in child support since the May 1985 order was issued. Diehl offered no explanation. From the contents of the record, we conclude Diehl was deservedly found in contempt for her wilful

and contumacious refusal to obey the order which required her to pay child support and to notify Wassom of her employment status and net income. We do not, however, find any error in the trial court's refusal to also find Diehl in contempt for failure to comply with the original January 1984 order which required her to produce income tax returns and W-2 forms. The trial court indicated the contempt finding as to Diehl encompassed all violations of the previous orders and we agree.

At the conclusion of the hearing, the trial court admonished the parties as follows:

> "[A]ll of the parts of the May 6, 1985 order remain in effect, and I assume that counsel will caution their clients that they are in the future to comply with that order to the extent that it hasn't been modified including the requirement of the child support and the information to be given concerning employment of the mother, because if this history of the case is an indication and it continues, I will successively impose more severe penalties as I think the case warrants upon a showing of a willful and contumacious violation of the orders of this court."

■ At the later sentencing hearing on the contempt finding, both parties stated there were "no problems" with the children or with the parties. Wassom failed to take advantage of this opportunity to alert the court of Diehl's continued violation of the January 1984 and May 1985 orders. Wassom's erroneous report that he had no problems apparently caused the trial court to infer Diehl had complied with the court's orders and purged herself of contempt. Apparently the child support installments and the production of income tax returns and W-2 forms were still past due. " 'A party cannot complain of an error which he induced the court to make or to which he consented.' " (*Auton v. Logan Landfill, Inc.* (1984), 105 Ill. 2d 537, 543, 475 N.E.2d 817, 818.) Accordingly, we refuse to find an abuse of discretion in the trial court's failure to impose sanctions for Diehl's violation of the child support order when Wassom, by his own error, induced the trial court to extinguish its threat of more severe penalties.

■ Next, Wassom contends the trial court erred in denying him attorney fees after finding Diehl in contempt for failure to pay child support. Section 508(b) of the Illinois Marriage and Dissolution of Marriage Act (Act) (Ill. Rev. Stat. 1985, ch. 40, par. 508(b)) provides:

> "In every proceeding for the enforcement of an order or judgment for child support in which relief is granted to the parent having custody of the child and the court finds that the failure to pay child support was without cause or justification, the court shall order the party against whom the proceeding is

brought to pay the custodial parent's costs and reasonable attorney's fees."

Section 508(b) is a mandatory provision by which the trial court must, in a child support enforcement proceeding such as this one, order the noncustodial parent to pay the custodial parent's costs and reasonable attorney fees. (*Fogliano v. Fogliano* (1983), 113 Ill. App. 3d 1018, 448 N.E.2d 245.) The court may exercise its discretion when deciding whether the delinquent parent's failure to pay support was "without cause or justification." (*Elliott v. Elliott* (1985), 137 Ill. App. 3d 277, 484 N.E.2d 482.) However, once a determination has been made that the failure to pay child support was without cause or justification, then the trial court is directed by the statute to award costs and reasonable attorney fees.

In this case the trial court did not make a specific finding that Diehl's failure to make the child support payments was without cause or justification. The docket order stated: "[T]he parties respectively have willfully and contumaciously violated the provisions of the order of this court entered May 6, 1986 [*sic*]." Wilfulness in the context of contemptuous conduct implies conduct without cause or justification. (*In re Marriage of Stanley* (1985), 133 Ill. App. 3d 963, 479 N.E.2d 1152.) The docket order is thus sufficient to meet the requirements of section 508(b) and mandate an award of the reasonable attorney fees Wassom incurred in obtaining enforcement.

■ It does not matter the trial court found Diehl had purged herself of contempt at a later hearing. The policy behind section 508(b) is to eliminate or lessen the financial burden on a custodial parent that is the consequence of an enforcement action. (*Fogliano*, 113 Ill. App. 3d at 1023, 448 N.E.2d at 249.) Wassom incurred attorney fees in an effort to, among other things, enforce the order of child support. Therefore, Wassom was entitled to attorney fees at the time the trial court granted him relief by enforcing the May 6, 1985, order for child support. The later purge order did not excuse Diehl from the obligation imposed by section 508(b).

We note reasonableness of attorney fees is measured by a variety of factors: complexity of the case, time expended by the lawyers involved and their respective abilities. On remand, the trial court might also consider the dual finding of contempt. The attorney fees Wassom incurred may have been due in part to defending himself against allegations of contempt in denying Diehl visitation. *Cf. Ingwerson v. Woeckener* (1986), 141 Ill. App. 3d 647, 490 N.E.2d 1008 (trial court refused attorney fees in dual contempt finding on a modification of child support order).

■■ Finally, Wassom maintains the May 6, 1985, order requiring Diehl to pay 25% of her net income as and for child support violates section 505(a)(5) of the Act (Ill. Rev. Stat. 1985, ch. 40, par. 505(a)(5)). The statute, regulating child support awards, provides: "If the net income cannot be determined because of default or any other reason, the court shall order support in an amount considered reasonable in the particular case. The final order in all cases shall state the support level in dollar amounts."

Even before the Act was amended to add section 505(a)(5), this court, when it addressed the issue of child support figures, held:

"We are aware of the difficulty in fixing a sensible figure when a trial court is dealing with a fluctuating income; however, the task is not impossible and some figure must be arrived at in order to serve as a predicate for the ability to pay, which is what the statute requires." (*In re Marriage of Uphoff* (1982), 110 Ill. App. 3d 608, 612, 442 N.E.2d 965, 967.)

Section 505(a)(5) in its current form clearly requires a final order to state the support level in dollar amounts. Accordingly, the trial court's refusal to modify the child support amount to a dollar figure as requested by Wassom was erroneous. The amount of the figure remains discretionary with the trial court.

We reverse and remand to the trial court under sections 505(a)(5) and 508(b) of the Act (Ill. Rev. Stat. 1985, ch. 40, pars. 505(a)(5), 508(b)) for the limited purpose of, respectively, modifying the child support order to state the support level in dollar amounts and to reconsider awarding Wassom attorney fees.

Affirmed in part; reversed in part and remanded.

GREEN, P.J., and McCULLOUGH, J., concur.