OSCAR DAVIS *et al.*, Plaintiffs-Appellees, v. MARVIN N. SPRAGUE, Defendant-Appellant (Theodis Lewis, Contemnor-Appellant).

Fourth District   No. 4—88—0809

Opinion filed July 13, 1989.—Rehearing denied August 18, 1989.

250

Theodis Lewis, of Springfield, for appellants.

Richard F. Scholz, of Quincy, and Donald M. Craven, of Springfield, for appellees.

JUSTICE GREEN delivered the opinion of the court:

Both defendant Marvin N. Sprague and his attorney Theodis Lewis appeal from an order of the circuit court of Adams County entered September 30, 1988, in which the court in part (1) ordered

defendant to pay plaintiffs' attorney fees and court costs in the total amount of $5,598.75 and (2) held Lewis in contempt for his failure to appear at a prior court hearing. They contend the court erred in making each of those decisions. We disagree and, therefore, affirm.

This case has a long and detailed history. It initially began on May 14, 1984, when plaintiffs Oscar and Catherine Davis petitioned the court to obtain custody of their daughter's minor child. They subsequently sought a finding from the court that defendant was the father of that child and an order requiring him to pay child support. The court awarded plaintiffs custody of the child and entered judgment on a jury verdict finding defendant to be the child's father.

The court granted plaintiffs temporary relief on March 27, 1986, when it ordered defendant to pay temporary child support pending a final disposition of the matter. In the interim, the court held defendant in contempt because he was in arrearage in paying that child support. The court entered its final order on October 26, 1987, in which it ordered defendant to pay child support and arrearages, other expenses, and plaintiffs' attorney fees in the amount of $7,000.

Soon thereafter, the court found defendant in contempt for his failure to appear at a previously scheduled court hearing and to remain current in the child support payments previously ordered by the court. It again found him in contempt on March 23, 1988, for his failure to appear at another hearing.

On May 1, 1988, attorney for plaintiffs filed a petition asking the court to order defendant to pay the additional attorney fees incurred since October 26, 1987. In his petition the attorney stated he had "performed regular and continued service for [plaintiffs] *** in an attempt to *keep child support *** current, collect* the extraordinary *expenses* allowed by the Court ***, to *collect* the *arrearage* and collect attorney fees; in the course thereof, *** the Defendant herein ha[d] done *everything possible* to *evade payment, delay payment* and *obfuscate the entire proceedings.* *** [T]he conduct of the Defendant reflect[ed] an *attitude of avoidance of any obligation of support,* avoidance of the orders of the Court and efforts to escape the obligations imposed by the Court." (Emphasis added.)

As explained in more detail later, both defendant and his attorney failed to appear at a hearing set to review all pending matters. Plaintiffs moved for the imposition of sanctions, including an "award of attorney fees for the total and complete inconvenience and delay caused" to plaintiffs. At a subsequent hearing held July 19, 1988, attorney for defendant presented the court with an objection to the petition for attorney fees. In the pleading, he alleged the rates charged

by the attorney were unreasonable, the attorney had already received a large award of fees, and defendant was unable to pay.

In its order of September 30, 1988, from which defendant has appealed, the court concluded defendant's objections were not timely filed, and it took the statements contained in the petition as true. The court decided the charges set forth in the petition were reasonable and ordered defendant to pay the fees and costs in the total amount of $5,598.75.

On appeal, defendant contends this award was improper because there was no showing of plaintiffs' inability, and defendant's ability, to pay it nor was any evidence presented with regard to the reasonableness of the requested fees.

■ Section 17 of the Illinois Parentage Act of 1984 (Act) states that "the court may order reasonable fees of counsel *** and other costs of the action and pre-trial proceedings to be paid by the parties in proportions and at times determined by the court." Ill. Rev. Stat. 1987, ch. 40, par. 2517.

■ Once a finding of paternity has been made under the Act, its provisions allow a court to enter judgment establishing a duty of support and to enforce any judgment rendered. (Ill. Rev. Stat. 1987, ch. 40, par. 2514.) The Act further provides that any "[f]ailure to comply with any order of the court shall be punishable as contempt as in other cases of failure to comply under the *Illinois Marriage and Dissolution of Marriage Act.*'" (Emphasis added.) Ill. Rev. Stat. 1987, ch. 40, par. 2515(b).

■ Section 508(b) of the Illinois Marriage and Dissolution of Marriage Act provides as follows:

> "In every proceeding for the enforcement of an order or judgment when the court finds that the failure to comply with the order or judgment was without cause or justification, the court *shall order* the party against whom the proceeding is brought *to pay the costs and reasonable attorney's fees* of the prevailing party." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 40, par. 508(b).)

Under this provision, a court need not determine the ability or inability of a party to pay the requested fees. Rather, a court shall award reasonable attorney fees incurred by the custodial parents during child support enforcement proceedings if the court finds the non-custodial parent's failure to pay was without cause or justification. (*In re Marriage of Betts* (1987), 155 Ill. App. 3d 85, 507 N.E.2d 912.) The Illinois Parentage Act of 1984 contains no express provision linking the award of attorney fees incurred in enforcing support orders

to similar provisions of the Illinois Marriage and Dissolution of Marriage Act as is the case with contempt proceedings to enforce support orders. However, because of the close relationship between the two acts, we deem it appropriate to hold that the attorney fees awarded under section 17 of the Act are to be awarded under the same standard as those awarded under section 508(b) of the Illinois Marriage and Dissolution of Marriage Act.

■ We recognize the court in the instant case treated the petition for attorney fees as defaulted due to defendant's failure to file a timely objection to it. However, the record is replete with inordinate delays and orders finding defendant in contempt for his failure to remain current in his child support payments and would clearly support an implicit finding by the court that defendant's repeated failures to comply with the court's order were "without cause or justification." Furthermore, plaintiffs' petition for attorney fees sets forth the fees requested in some detail, and the court determined they were reasonable. For these reasons, we cannot conclude the court erred in ordering defendant to pay plaintiffs' attorney fees.

Defendant's attorney, Theodis Lewis, also appeals the court's decision to hold him in contempt for his failure to appear at a court hearing scheduled for July 7, 1988. Initially we note a question arises as to whether Lewis has filed a proper notice of appeal from that order of contempt because the notice indicates he appeals only in his capacity as counsel for defendant. However, we will treat the notice as in proper form since he is appealing from the same order as defendant and his name appears on the notice of appeal.

Both parties agree, and the record reflects, that, on May 18, 1988, the cause was continued to a hearing scheduled for May 30, 1988. At that time, the judge was unable to appear because of a schedule conflict. The court entered an order on May 31, 1988, which stated that "[b]y agreement of counsel, [the] cause [is] continued to June 21, 1988 at 9:30 A.M." Lewis claims he did not take part in this agreement, so he sent a letter to the judge indicating the dates he was available for a hearing. He states he informed the judge he was unavailable in July except for the latter part of the month.

On June 30, 1988, the court entered another order setting the hearing for July 7, 1988. Notice was sent to both attorney for plaintiffs and Lewis. Lewis claims he did not receive the notice until late on July 5, 1988, and immediately sent a document entitled "Statement of Unavailability" to the court. The document was filed with the court on the same date as the scheduled hearing, and the court apparently was unaware of its existence until it examined the file

during the course of the hearing when neither defendant nor his attorney appeared. Attorney for plaintiffs maintain they did not receive the document until after the hearing had concluded. Neither the court nor opposing counsel received a telephone call from Lewis, nor did Lewis phone his own client concerning the hearing.

On the same date as the hearing, the court entered a rule against Lewis and defendant to show cause why they should not be held in contempt for their failure to appear at the scheduled hearing. As noted previously, plaintiffs also filed a motion for sanctions against defendant. Attorney for defendant responded by reciting the chain of events above-mentioned. The transcript of the hearing held July 19, 1988, shows no evidence presented by Lewis to substantiate his claims. The court subsequently found Lewis in contempt and assessed a $50 fine against him.

Lewis now contends the court erred in holding him in contempt because the facts do not support a finding that his conduct was wilful or that it was calculated to embarrass, hinder, or obstruct the court in its administration of justice, derogate from its authority or dignity, or bring administration of law into disrepute. However, facts which indicate an attorney failed to appear in court to represent his client without filing an affidavit for a continuance or informing the court or his client of his intention to be absent is sufficient to justify a conviction for contempt of court.

In *People v. Adam* (1973), 15 Ill. App. 3d 669, 304 N.E.2d 711, an attorney failed to appear in court on behalf of his client. The cause had been continued by him numerous times in the past, and he had not notified the court that he would be absent prior to the start of trial. The court issued a rule to show cause why he should not be held in contempt of court, and Adams responded he had been " 'otherwise engaged' " on the date in question. There, like here, the contemnor failed to present any evidence to defend the contempt charges against him. The court then held him in contempt and imposed a fine. In upholding the contempt conviction, the appellate court noted it had examined the record and had found "no excuse or reasonable explanation for his conduct." *Adam*, 15 Ill. App. 3d at 671, 304 N.E.2d at 712.

■ We similarly can find no excuse for Lewis' conduct with regard to the proceedings involved here. He had more than a full day to notify opposing counsel and the court by telephone that he would not be able to attend the July 7, 1988, hearing, or to attempt to vacate the setting, but he did not do so. Instead, he chose to mail a document to the court which was not uncovered by it until after the

scheduled hearing had already begun. We conclude that, under these circumstances, the contempt conviction was sufficiently supported by the evidence.

For the reasons stated, the judgment of the circuit court of Adams County is affirmed.

Affirmed.

McCULLOUGH, P.J., and KNECHT, J., concur.