*In re* PARENTAGE OF M.C.B., a Minor (Jennifer B., Petitioner-Appellant, v. Leslie A. King, Respondent-Appellee).

Second District   No. 2—99—1176

Opinion filed August 17, 2001.

K.O. Johnson, of Johnson & Hotopp, P.C., of De Kalb, for appellant.

Leslie A. King, of Genoa, appellee *pro se.*

JUSTICE GEIGER delivered the opinion of the court:

The petitioner, Jennifer B., appeals from the October 4, 1999, order of the circuit court of De Kalb County requiring the respondent, Leslie King, to pay her $700 in attorney fees. On appeal, the petitioner argues that the trial court erred in (1) failing to order the respondent to pay all of the $2,018.52 in attorney fees she incurred in seeking the enforcement of a prior order; and (2) allowing the respondent to pay the judgment in installments.

On March 27, 1998, the petitioner filed a petition seeking to establish that the respondent was the father of her minor child, M.C.B., and requesting that he be ordered to pay child support. The respondent subsequently admitted paternity. On December 29, 1998, the trial court entered an order requiring the respondent to pay $210.51 per week in child support and day care for M.C.B.

On January 25, 1999, the petitioner filed a petition for attorney fees incurred in prosecuting the paternity petition. On April 12, 1999, the trial court entered an order requiring the respondent to contribute $1,200 toward the petitioner's attorney fees. The respondent was allowed to pay this amount in installments of $100 per month.

On June 8, 1999, the petitioner filed a petition for a rule to show cause and attorney fees. The petition alleged that the respondent had failed to make any payments as required by the April 12, 1999, order and was currently $200 in arrears.

On August 19, 1999, the trial court found the respondent in indirect civil contempt for his failure to make the payments required by the April 12, 1999, order. On September 3, 1999, the trial court

subsequently discharged the finding of contempt after the petitioner paid all the amounts owing.

On September 22, 1999, the petitioner filed another petition for a rule to show cause and attorney fees. The petition alleged that the respondent was $100 in arrears for the payments he was required to make under the April 12, 1999, order.

On September 28, 1999, the trial court entered an order requiring the respondent to immediately pay to the petitioner the entire remaining balance on the April 12, 1999, judgment. On that same day, the petitioner filed a petition for attorney fees that she had incurred in seeking the enforcement of the trial court's April 12, 1999 order. This petition included an itemized list of $2,018.52 in attorney fees and costs.

On October 4, 1999, following a hearing on the petitioner's petition for attorney fees, the trial court entered judgment on behalf of the petitioner in the amount of $700. The trial court further ordered that the respondent pay this amount within four months. The trial court declined to require the respondent to pay the entire $2,018.52, finding that $700 was all the respondent was able to pay. Following the denial of her motion to reconsider, the petitioner filed this timely notice of appeal.

●1 Before addressing the merits of the petitioner's appeal, we note that the respondent has failed to file a brief. However, because the issues presented are relatively straightforward, we will nonetheless decide this case without an appellee's brief. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

The petitioner's first contention on appeal is that the trial court erred in not awarding her all of the $2,018.52 in attorney fees she incurred in seeking the enforcement of the trial court's April 12, 1999, order. The petitioner contends that, under section 508(b) of the Illinois Marriage and Dissolution of Marriage Act (the Dissolution Act) (750 ILCS 5/508(b) (West 1998)), an award of these fees was mandatory.

●2 Under the Illinois Parentage Act of 1984 (750 ILCS 45/1 *et seq.* (West 1998)), a party has the right to petition for attorney fees and the right to seek the enforcement of any such award. 750 ILCS 45/15, 17 (West 1998). If a party incurs additional attorney fees in seeking to enforce a prior order of the trial court, that party is to be awarded his or her attorney fees under the same standard as provided for under section 508(b) of the Dissolution Act (750 ILCS 5/508(b) (West 1998)). *Davis v. Sprague*, 186 Ill. App. 3d 249, 252-53 (1989). Section 508(b) provides in pertinent part:

"In every proceeding for the enforcement of an order or judg-

ment when the court finds that the failure to comply with the order or judgment was without compelling cause or justification, the court shall order the party against whom the proceeding is brought to pay promptly the costs and reasonable attorney's fees of the prevailing party." 750 ILCS 5/508(b) (West 1998).

Section 508(b) is a mandatory provision by which the trial court must, in an enforcement proceeding such as this one, order the delinquent parent to pay the other parent's costs and reasonable attorney fees. *In re Marriage of Walters*, 238 Ill. App. 3d 1086, 1098 (1992). However, the court may exercise its discretion when deciding whether the delinquent parent's failure to pay support was without compelling cause or justification. *In re Marriage of Wassom*, 165 Ill. App. 3d 1076, 1081 (1988). Once a determination has been made that the failure to pay child support was without cause or justification, then the trial court is directed by the statute to award costs and reasonable attorney fees. *Wassom*, 165 Ill. App. 3d at 1081.

●3 The policy behind section 508(b) is to eliminate the financial burden on a custodial parent that is the consequence of an enforcement action. *Wassom*, 165 Ill. App. 3d at 1081. This is because in some instances it is possible that the amount of attorney fees and costs will exceed the amount of arrearage. *Fogliano v. Fogliano*, 113 Ill. App. 3d 1018, 1023 (1983). In such a case, there would be no advantage in enforcement and the delinquent party could escape his obligations under the prior court order. See *Fogliano*, 113 Ill. App. 3d at 1023.

●4 Here, the record reveals that on April 12, 1999, the trial court ordered the respondent to pay $1,200 to the petitioner as contribution for the attorney fees she incurred in prosecuting her paternity petition. After the respondent failed to pay this amount in the time directed by the trial court, the trial court found him in contempt on August 19, 1999. This contempt finding established that the petitioner's noncompliance with the prior order was without compelling cause or justification. See *In re Marriage of Betts*, 155 Ill. App. 3d 85, 105 (1987) (contempt finding carries with it an implicit finding that failure to comply with order was without compelling cause or justification). As such, section 508(b) required the trial court to award the petitioner the costs and reasonable attorney fees she incurred in seeking the enforcement of the trial court's prior order. See *Wassom*, 165 Ill. App. 3d at 1081. However, rather than analyzing the reasonableness of the attorney fees and costs the petitioner was requesting, it appears that the trial court made its award based on the respondent's ability to pay such fees. This was an improper factor for the trial court to consider in awarding fees pursuant to section 508(b). See *In re Marriage of Wiley*, 199 Ill. App. 3d 223, 233 (1990).

We believe that excusing the respondent from paying all of the petitioner's reasonable attorney fees based on his ability to pay would be contrary to the clear dictates of section 508(b) and would be inequitable. Had the respondent complied with the terms of the trial court's April 12, 1999, order, the petitioner would not have needed to resort to the trial court for relief. Instead, due to the respondent's noncompliance with this order, the petitioner incurred additional attorney fees and costs related to the enforcement proceedings. In such a situation, we believe the respondent should be responsible for these additional fees and costs rather than the petitioner. Accordingly, as the trial court's award of attorney fees to the petitioner was based on its improper consideration of the respondent's ability to pay them, we vacate its award.

However, due to the protracted litigation in this case, we decline to remand this case for additional proceedings and will instead presently review the reasonableness of the fees the petitioner requests. In awarding reasonable attorney fees incurred due to an enforcement proceeding, the court is to consider the complexity of the case and the time expended by the lawyers involved and their respective abilities. *In re Marriage of Stanley*, 133 Ill. App. 3d 963, 974 (1985). We have considered these factors and the itemized list of attorney fees that the petitioner submitted to the trial court in relation to the fees she incurred in seeking the enforcement of the trial court's April 12, 1999, order. We believe that most of the $2,018.52 in attorney fees and costs the petitioner requests are reasonable. However, of this amount, the petitioner seeks $100 for attorney fees and costs she incurred in having the name of the minor, M.C.B., changed. These fees were not related to the enforcement of the trial court's prior order and cannot be awarded under section 508(b). Additionally, the petitioner requests attorney fees and costs of $201.30 that she estimated would be incurred in the future. As there is no evidence that the fees and costs were actually incurred, we decline to award this amount as well. Aside from these charges, we believe that the remainder of the attorney fees and costs the petitioner requests are reasonable, and we enter judgment for the petitioner in the amount of $1,717.22 pursuant to Supreme Court Rule 366(a)(5) (155 Ill. 2d R. 366(a)(5)).

In so ruling, we need not address the petitioner's second contention that the trial court erred in allowing the respondent to pay the judgment over a four-month period.

For the foregoing reasons, we vacate the order of the circuit court

of De Kalb County and enter judgment in favor of the petitioner for $1,717.22 on her petition for attorney fees and costs.

Order vacated; judgment entered.

O'MALLEY and GROMETER, JJ., concur.