LOUELLA M. SMITH, Petitioner-Appellee, *v.* CHARLES W. SMITH, Respondent-Appellant.

First District (4th Division)   No. 78-136

Opinion filed October 18, 1979.

Dansby G. Cheeks, of Oak Park, for appellant.

Lennie Bass, of Bristow, Bass & Johnson, of Chicago, for appellee.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Respondent-appellant, Charles W. Smith, appeals from an order entered in the circuit court of Cook County, pursuant to a post-judgment divorce action brought by petitioner-appellee, Louella M. Smith, to modify a child-support order. The trial court ordered respondent to increase his child support payments from $225 per month to $250 per month or 20 percent of his net income, whichever is greater. The court further ordered respondent to submit an accounting of his net income to petitioner every 3 months.

Charles W. Smith and Louella M. Smith were divorced February 23, 1971. The judgment of divorce awarded custody of Charla, their minor daughter, to Mrs. Smith. Mr. Smith, the noncustodial parent, was given

certain visitation rights and directed to pay $200 per month child support. Pursuant to a petition to modify support brought by Mrs. Smith, the child-support payments were increased to $225 per month by order of court on February 7, 1972. On October 28, 1976, petitioner again filed a petition to modify support, upon which this appeal is based. Petitioner alleged that an increase in support was necessary because the expenses for Charla's maintenance had increased substantially since 1972, and petitioner's funds were inadequate to meet those expenses. In December 1976, respondent filed a petition for a reduction of child support in addition to his answer.

This cause was heard before the Honorable Herbert R. Friedlund of the circuit court of Cook County August 15, 1977. Petitioner testified that she is a schoolteacher with a net yearly income of $10,000 per year, or $840 per month. Her expenses for Charla's support are approximately $630 per month. The record indicates respondent is a self-employed dentist. His adjusted gross income was $45,598, $53,827 and $43,668 in 1971, 1972 and 1975, respectively. When respondent filed his motion for reduction of child support, he estimated his adjusted gross income would be $20,000 because he was developing a new private practice. Respondent stated he earned about $1340, net, per month.

The issues for review are (1) whether the trial court abused its discretionary power to establish child support by making the award self-modifying and (2) whether the requirement that respondent submit financial disclosure to petitioner every 3 months is unreasonable and too burdensome.

Regarding the first issue, respondent cites sections 505 and 510 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, pars. 505, 510). We note that this action was brought before October 1, 1977, the effective date of the Act. Respondent argues, mainly, that the trial court abused its discretion by including the percentage element in its child support award. We disagree.

The determination of the amount of child support awarded lies within the sound discretion of the trial court. Its decision will not be set aside unless the finding is contrary to the manifest weight of the evidence. *Sandberg v. Sandberg* (1973), 11 Ill. App. 3d 495, 500, 297 N.E.2d 654, 657.

■■ In the instant case, respondent's income, which is considerably greater than petitioner's, fluctuates a great deal. Contrary to respondent's argument, there is case support for petitioner's position. In *Robbins v. Robbins* (1976), 40 Ill. App. 3d 653, 656, 353 N.E.2d 110, 113, the appellate court upheld a child-support order increasing the award to 15 percent of respondent's net annual income over $13,000. We hold, as the court did in *Robbins*, that the modification of child support payments was neither an

abuse of the trial court's discretion nor against the manifest weight of the evidence.

We turn, now, to the second issue. Respondent claims the requirement that he submit financial disclosure to petitioner every 3 months is unreasonable and too burdensome. Again, we note the fluctuations in respondent's income, which render a quarterly accounting reasonable. During the hearing in the trial court, respondent argued that his income would be considerably less in the coming year because he had lost his public aid clientele and would have to rebuild his practice. At the time of this appeal, respondent was again servicing public aid clients. In light of the respondent's continually changing income, we hold that although it was within the trial court's discretion to order respondent to submit a quarterly accounting of his net income to petitioner, we will modify this to require an annual accounting.

We affirm the decision of the circuit court of Cook County, as modified.

Affirmed as modified.

LINN and ROMITI, JJ., concur.