*In re* MARRIAGE OF CHARLENE K. FERGUSON, f/k/a Charlene K. Hoferle, Petitioner-Appellee, and HAROLD W. HOFERLE, Respondent-Appellant.

First District (5th Division)   No. 1—90—1441

Opinion filed December 14, 1990.

Barclay, Damisch & Sinson, Ltd., of Chicago (John W. Damisch and David P. Pasulka, of counsel), for appellant.

Ben Goldwater and Ruth E. Goldwater, both of Goldwater & Associates, of Chicago, for appellee.

JUSTICE MURRAY delivered the opinion of the court:

Harold Hoferle (Harold), respondent, appeals from a trial court's order entered in a domestic relations case involving the modification of child support payments. The petitioner is Harold's former wife Charlene Ferguson, f/k/a Charlene Hoferle (Charlene).

The facts are not disputed. On January 3, 1985, a judgment for dissolution of marriage was entered dissolving the marriage of Harold and Charlene. One child was born as a result of the marriage. Charlene was awarded custody of the parties' child, subject to Harold's right to reasonable visitation. On February 19, 1989, Charlene filed a petition for modification of the provisions of the dissolution decree relating to child support. Harold filed a petition for specified visitation rights. On April 18, 1990, a hearing was held on the petitions. The hearing disclosed that Harold had take-home pay of $2,869 per month. The parties agreed that the sum of $573.80 per month was appropriate for the support of the child and that said amount was consistent with the guidelines for child support set out in the Illinois Marriage and Dissolution of Marriage Act. (Ill. Rev. Stat. 1989, ch. 40, par. 505(a)(1).) However, the evidence also revealed that Harold annually receives approximately a 6% cost of living raise. Charlene asked the court to provide for an automatic increase in child support based upon Harold's annual cost of living increase. Following the hearing, the trial judge entered an order that among other matters provided that Harold pay Charlene for the support of their child "the sum of $573.80 per month, or 20% of his net take-home pay, whichever is greater."

Harold has filed a timely appeal. The only issue on appeal is whether the trial court's order violated the provisions of the Illinois Marriage and Dissolution of Marriage Act relating to child support payments and petitions to modify such payments. (Ill. Rev. Stat. 1989, ch. 40, pars. 505(a)(5), 510(a).) Harold argues that the trial court's order of April 18, 1990, violates those provisions. Charlene argues they do not. For the following reason, we reverse the trial court's order as it relates to child support and remand for a further hearing.

■ The provisions of the Illinois Marriage and Dissolution of Marriage Act applicable to this appeal provide in pertinent part:

"The final order in all cases shall state the support level in dollar amounts." (Ill. Rev. Stat. 1989, ch. 40, par. 505(a)(5).)

"(a) Except as otherwise provided *** the provisions of any judgment respecting maintenance or support may be modified only as to installments accruing subsequent to due notice by the moving party of the filing of the motion for modification

and only upon a substantial change in circumstances." Ill. Rev. Stat. 1989, ch. 40, par. 510(a).

Harold first argues that obligating him to pay "the sum of $573.80 per month, or 20% of his take-home pay, whichever is greater," violates the aforecited provision of section 505(a)(5) of the Illinois Marriage and Dissolution of Marriage Act, which requires orders in child support payments to be in "dollar amounts." (Ill. Rev. Stat. 1989, ch. 40, par. 505(a)(5).) Charlene argues that placing the floor of Harold's payment at $573.80 per month satisfies that provision.

A percentage award for child support with a fixed minimum was approved by this court in *Smith v. Smith* (1979), 78 Ill. App. 3d 80, 397 N.E.2d 50. The court specifically held that the trial court did not abuse its discretion by including the percentage element in its child support award. (*Smith v. Smith* (1979), 78 Ill. App. 3d 80, 397 N.E.2d 50.) Additionally, a percentage maintenance award was upheld by this court in *In re Marriage of Parello* (1980), 87 Ill. App. 3d 926, 409 N.E.2d 461. However, these cases were both decided prior to the amendment of the statute by the enactment of Public Act 84—888, effective September 23, 1985, which requires the final order to state the support level in dollar amounts. Ill. Rev. Stat. 1989, ch. 40, par. 505(a)(5).

■ The first rule of statutory construction in an effort to determine legislative intent is the the words of the statute itself. "Where the intention of the legislature is clearly expressed, the plain meaning of the statute must be given effect." (*Finley v. Finley* (1980), 81 Ill. 2d 317, 326, 410 N.E.2d 12, 16.) The aforecited provision of section 505(a)(5) of the Illinois Marriage and Dissolution of Marriage Act plainly and simply states that a child support order must state support obligations in a dollar amount, not part in dollars and part in percentages of pay. A court cannot read into a statute words which are not within the plain intention of the legislature as determined from the statute itself. The court can neither restrict nor enlarge the plain meaning of an unambiguous statute. *Bovinette v. City of Mascoutah* (1973), 55 Ill. 2d 129, 302 N.E.2d 313.

■ Charlene is requesting this court to write into the unambiguous language of the applicable statute words that give an enlargement of the statute. Neither rules of statutory construction nor case law authorizes that. Further, an Illinois appellate court has held that the cited section requires a final order to "state the support level in dollar amounts." (*In re Marriage of Wassom* (1988), 165 Ill. App. 3d 1076, 1082, 519 N.E.2d 1147.) Accordingly, we must reverse the order as it relates to child support.

Harold also argues that any future modification of support payments must be obtained by filing a petition as required by section 510(a) of the Illinois Marriage and Dissolution of Marriage Act. (Ill. Rev. Stat. 1989, ch. 40, par. 510(a).) We do not address this issue in this appeal in light of our action reversing the involved order. However, as pointed out in Charlene's brief, there are cases not applicable to this case where a trial court may modify support payments without filing a petition for modification. *Blisset v. Blisset* (1988), 123 Ill. 2d 161, 526 N.E.2d 125.

For the above reason, the trial court's order is reversed as to the issue of child support and the cause is remanded for further proceedings.

Reversed and remanded.

LORENZ, P.J., and GORDON, J., concur.