886

*In re* MARRIAGE OF MARSHA M. MACINO, n/k/a Marsha M. Silagy, Petitioner-Appellant, and GUY A. MACINO, Respondent-Appellee.

Second District   No. 2—91—1257

Opinion filed November 4, 1992.

Robin R. Miller, of DaRosa & Miller, of Wheaton, for appellant.

Anthony Sammarco, of Forest Park, for appellee.

JUSTICE WOODWARD delivered the opinion of the court:

Petitioner, Marsha Silagy, appeals the order of the circuit court granting the motion of respondent, Guy Macino, to dismiss part of her petition for relief. Petitioner alleged that respondent failed to make some automatic increases to his child-support obligations which accrued since the time of the judgment of dissolution of marriage. The circuit court dismissed that part of her petition on the ground that the automatic increases were stated as a percentage of respondent's income and were improper because they were not stated in dollar amounts. The issue on appeal is whether section 505(a)(5) of the Illinois Marriage and Dissolution of Marriage Act (Act) (Ill. Rev. Stat. 1991, ch. 40, par. 505(a)(5)) functions retroactively to nullify the percentage-based child-support obligations.

The parties were married in 1970 in Villa Park, Illinois. They had one daughter, Michelle, who was born on September 19, 1972. On May 26, 1975, the circuit court of Cook County entered a judgment dissolving the marriage. The judgment provided that respondent would pay 20% of his net income as child support, with a minimum payment of $20 per week. The marriage settlement agreement, incorporated into the judgment, stated that the amount of child support was based on the fact that respondent was then unemployed and earning less than $5,000 per year and that, when respondent became employed and became capable of making a greater contribution to child support, he would do so.

In 1990, petitioner filed a petition before the circuit court of Du Page County. She sought to enroll the judgment for the purpose of obtaining college expenses for their daughter and issuing a rule to show cause against respondent for his alleged failure to make child-support payments. Petitioner alleged that respondent failed to make payments at the rate of 20% of his net income. The circuit court enrolled the judgment and allowed respondent to plead.

Respondent filed a response in which he alleged that he paid $20 per week for child support; that the parties had later agreed that the amount would not increase; that, after September 1989, he paid $50 per week; that part of the time Michelle resided with him; and that petitioner and Michelle were gainfully employed. Respondent also raised the affirmative defenses of *laches*, equitable estoppel and waiver.

At the hearing, respondent moved to dismiss that part of the motion regarding possible arrearages in child support on the ground that section 505(a)(5) prohibited such child-support formulae. Based on the

holding of *In re Marriage of Ferguson* (1990), 207 Ill. App. 3d 649, the trial court granted the respondent's motion to dismiss. The order also resolved the request for college expenses. Following the denial of petitioner's motion to reconsider, she appealed.

■■ In 1985, the legislature amended section 505 of the Act, which delineates the standards for imposing child support, by providing that the "final order in all cases shall state the support level in dollar amounts." (Ill. Rev. Stat. 1991, ch. 40, par. 505(a)(5).) In *Ferguson*, the parties' marriage was dissolved in January 1985, prior to the effective date of the amended section 505, which was September 23, 1985. In 1990, the wife petitioned for a modification of the husband's child-support obligation. Taking note that 20% of the husband's current income was $573.80 per month and that he usually received an approximate 6% annual increase in salary, the court entered an order providing that the husband should pay "the sum of $573.80 per month, or 20% of his net take-home pay, whichever is greater." (*Ferguson*, 207 Ill. App. 3d at 651.) The appellate court reversed the 1990 modification order because it did not comply with section 505(a)(5) by specifying the obligation in a dollar amount. (207 Ill. App. 3d at 651; see *In re Marriage of Wassom* (1988), 165 Ill. App. 3d 1076, 1082.) The court held that the trial court could not enter an order stating an obligation as a percentage of income.

■ Here, the issue before the trial court was whether the respondent had willfully violated a valid order. (See *In re Marriage of Betts* (1990), 200 Ill. App. 3d 26, 43-44; *Wassom*, 165 Ill. App. 3d at 1079-80.) A court's order must be obeyed, even if it is erroneous, until the order is set aside, and disobedience of the order is actionable by means of a contempt proceeding. (*Betts*, 200 Ill. App. 3d at 62; *In re Adoption of Schumacher* (1983), 120 Ill. App. 3d 50, 54.) However, if the order is void, it may be attacked at any time in any proceeding, and a person may not be held in contempt for violating the order. (*People v. Shukovsky* (1988), 128 Ill. 2d 210, 222; *Schumacher*, 120 Ill. App. 3d at 55.) A void judgment is one which is entered by the court without jurisdiction of the parties or the subject matter or without legal authority in the court to decide the particular matters presented. (*Schumacher*, 120 Ill. App. 3d at 55.) Every act of a court beyond its jurisdiction is void. (*Guertin v. Guertin* (1990), 204 Ill. App. 3d 527, 529.) For example, a court in an adoption proceeding has no statutory authority to extend visitation to those not specified in the statute or to provide a remedy which the statute did not provide. *Schumacher*, 120 Ill. App. 3d at 55; see also *In re R.R.* (1982), 92 Ill. 2d 423, 430.

■ In this cause, the judgment of dissolution of marriage was not void when it was entered in 1975. (See *Schumacher*, 120 Ill. App. 3d at 55.) The *Ferguson* court noted that it had previously upheld percentage-based awards prior to the amendment of section 505 in 1985. (*Ferguson*, 207 Ill. App. 3d at 651, citing *Smith v. Smith* (1979), 78 Ill. App. 3d 80; *In re Marriage of Parello* (1980), 87 Ill. App. 3d 926; see also *In re Marriage of Uphoff* (1982), 110 Ill. App. 3d 608, 612.) In *Ferguson*, only the trial court's order of 1990 was invalid based on the statute. The *Ferguson* court did not apply the section 505 amendment retroactively to invalidate previous judgments. Further, we find no decisions suggesting that prior to the amendment of section 505 the circuit courts were exceeding their authority when they entered percentage awards. Thus, we find that the judgment was not void and that the respondent was obliged to comply with it until modified by the court. See *In re Marriage of Betts*, 200 Ill. App. 3d at 62.

The respondent argues that he cannot be held in contempt for failure to comply with an order that was allegedly rendered unenforceable through a procedural amendment. He asserts that the amendment is procedural in nature and, therefore, should be applied retroactively. The petitioner argues that the circuit court could not retroactively apply the amendment to deprive her of her alleged vested rights to child support. The petitioner asserts that the amendment is substantive in nature, and, therefore, it should be construed prospectively unless there is clear legislative intent that it should be given retrospective operation.

A court preferably should construe a new statute as prospective because the retroactive application of new laws is usually unfair. (*Rivard v. Chicago Fire Fighters Union, Local No. 2* (1988), 122 Ill. 2d 303, 309.) The presumption of prospective application is rebuttable, but only by express language or necessary implication of the act itself. (*Rivard*, 122 Ill. 2d at 309-10, citing *People v. Kellick* (1984), 102 Ill. 2d 162, 180.) However, the presumption of prospective application does not apply to changes in procedure or remedies. *Rivard*, 122 Ill. 2d at 310.

In the absence of a savings clause, an amended statute may apply retroactively " 'where the legislature so intended and where the statute affects the remedy or matters of procedure.' " (*Kim v. Kim* (1990), 196 Ill. App. 3d 1095, 1099, quoting *Maiter v. Chicago Board of Education* (1980), 82 Ill. 2d 373, 390.) However, a court will not apply changes in procedure or remedies retroactively to deprive a party of a vested, constitutionally protected right. *Kim*, 196 Ill. App. 3d at 1099, citing *Maiter v. Chicago Board of Education* (1980), 82 Ill. 2d

373, 390-91; see also *In re Petition of Monaco* (1936), 287 Ill. App. 540.

It is well settled that past-due child-support payments constitute a vested and unmodifiable right. (*In re Marriage of Frazier* (1990), 205 Ill. App. 3d 621, 624; *In re Marriage of Divarco* (1988), 167 Ill. App. 3d 1014, 1019.) A vested right is more than a mere expectation based on the anticipated continuance of the existing law. (*Kim*, 196 Ill. App. 3d at 1100.) Child support payments may be modified only as to installments accruing after the party moving for modification has given due notice. (Ill. Rev. Stat. 1991, ch. 40, par. 510(a); *Frazier*, 205 Ill. App. 3d at 624.) Furthermore, any modification allowed by the court of a child-support agreement will only act prospectively. *Jozwick v. Jozwick* (1979), 72 Ill. App. 3d 17, 20.

We need not determine in this appeal whether the amendment is procedural or substantive in nature. We find that, because the 1975 judgment was valid when entered and because the child-support payments vested when the installments were due, the respondent was obliged to pay the increases as described in the 1975 judgment until it was changed by the court. (See *Frazier*, 205 Ill. App. 3d at 624.) Therefore, we find that the court erred in dismissing the petitioner's request for a rule to show cause for the respondent's failure to pay the increases.

Respondent also argues that section 801 of the Act (Ill. Rev. Stat. 1991, ch. 40, par. 801) functions to make the amendments effective against the 1975 judgment. Section 801 provides:

"(a) This Act applies to all proceedings commenced on or after its effective date.

(b) This Act applies to all pending actions and proceedings commenced prior to its effective date with respect to issues on which a judgment has not been entered. Evidence adduced after the effective date of this Act shall be in compliance with this Act.

(c) This Act applies to all proceedings commenced after its effective date for the modification of a judgment or order entered prior to the effective date of this Act." Ill. Rev. Stat. 1991, ch. 40, par. 801.

This section does not lead us to change our conclusion. The amendment would specify that the Act applies to all modifications made after the effective date of the Act (see Ill. Rev. Stat. 1989, ch. 40, par. 801(c); *Ferguson*, 207 Ill. App. 3d at 651; *Wassom*, 165 Ill. App. 3d at 1080), but it does not retroactively dissolve final judgments entered prior to the effective date of the Act.

■ Respondent also argues that the petition was barred under the defenses of *laches*, equitable estoppel and waiver, since neither party sought to modify or enforce the obligation before or after the 1985 amendment. Petitioner argues these defenses are not available. While *Blisset v. Blisset* (1988), 123 Ill. 2d 161, did not eliminate these defenses, it did reduce the number of circumstances in which the defenses could be determined in the trial court's discretion. (See *Johnston v. Johnston* (1990), 196 Ill. App. 3d 101, 105; *In re Marriage of Webber* (1989), 191 Ill. App. 3d 327, 331; *In re Marriage of Jackson* (1989), 179 Ill. App. 3d 479, 484.) Reliance upon an informal agreement to modify an obligation may also relate to an alleged contemnor's willfulness in his failure to make payments or to his being lulled into not moving for a modification under the new statute. (See *Betts*, 200 Ill. App. 3d at 62; *Wassom*, 165 Ill. App. 3d at 1081-82.) However, the applicability of these defenses is not before this court as the petition was dismissed on a matter of law, and no evidence was presented to establish the defenses, even if they are arguably available in this cause.

For the above reasons, the order of the circuit court is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

GEIGER and DOYLE, JJ., concur.