*In re* MARRIAGE OF EDDIE VANDERPOOL, Petitioner-Appellee, and DOLLIE VANDERPOOL, Respondent-Appellant.

Third District   No. 3—93—0757

Opinion filed May 4, 1994.

Arthur R. Winstein, of Winstein, Kavensky & Wallace, of Rock Island, for appellant.

No brief filed for appellee.

JUSTICE BRESLIN delivered the opinion of the court:

At issue in this appeal is a one-day jail sentence imposed as a sanction for contempt of court against the respondent-contemnor, Dollie Vanderpool. Although the petitioner, Eddie Vanderpool, has not filed an appellee's brief, we find the record sufficiently simple to allow proper review of the merits (see *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493). We reverse.

Subsequent to the dissolution of their marriage, Dollie brought a petition for rule to show cause against Eddie, claiming that he had violated the custody and visitation provisions of the judgment of dissolution. On the day of the hearing on Dollie's petition, Eddie filed a counterpetition alleging that Dollie had denied him visitation. Despite the late notice of Eddie's petition, the court opted to hear both petitions.

In response to the court's inquiry as to the nature of the contempt charged, counsel for both parties announced, "Civil." After hearing the parties' evidence, the court found both parties in "indirect willful civil contempt of court" and sentenced them to six months in the county jail with two years of probation, subject to purging by faithfully complying with the terms of the judgment of dissolution. The court then ordered both parties to serve the following day, a Sat-

urday, in jail and threatened additional jail time if they failed to strictly comply with the judgment. The court's docketing statement indicates that Dollie's motion to stay mittimus pending appeal was denied.

Dollie appeals from the court's order sentencing her to a day in jail. She argues that this was, in effect, a criminal contempt sanction which was imposed without due process. We agree.

If the court imposes a jail sentence to punish the contemnor for past conduct, the proceeding is, by definition, one for indirect *criminal* contempt, regardless of the understanding of the parties and their counsel. (*In re Marriage of Alltop* (1990), 203 Ill. App. 3d 606, 561 N.E.2d 394.) One properly charged with indirect criminal contempt is entitled to the same constitutional protections as other criminal defendants—to know the nature of the charge against him, to have a meaningful opportunity to answer, and to be proved guilty beyond a reasonable doubt. (*In re Marriage of Betts* (1990), 200 Ill. App. 3d 26, 558 N.E.2d 404.) Failure to afford the alleged contemnor these protections before imposing a jail sentence for indirect criminal contempt is reversible error. *In re Marriage of Alltop* (1990), 203 Ill. App. 3d 606, 561 N.E.2d 394; *In re Marriage of Betts* (1990), 200 Ill. App. 3d 26, 558 N.E.2d 404.

In this case, the matter for which Dollie was ordered to spend a day in jail was past conduct—her denial of Eddie's visitation rights. Thus, the proceeding was one for indirect criminal contempt, and Dollie should have been afforded her constitutional right to due process.

Eddie's counterpetition for willful refusal to allow visitation was not filed until the date set for the hearing on Dollie's petition. Thus, Dollie had no advance notice that she faced indirect criminal contempt proceedings and no meaningful opportunity to answer or prepare her defense. Moreover, the court did not recite that its finding of contempt was beyond a reasonable doubt either at the hearing or in its sentencing order as is required in indirect criminal contempt proceedings. See *In re Marriage of Alltop* (1990), 203 Ill. App. 3d 606, 561 N.E.2d 394; *In re Marriage of Betts* (1990), 200 Ill. App. 3d 26, 558 N.E.2d 404.

Therefore, we hold that the trial court committed reversible error by imposing a criminal sanction against Dollie without affording her the process required by the constitution. The judgment of the circuit court of Rock Island County is reversed.

Reversed.

SLATER, P.J., and McCUSKEY, J., concur.