*In re* MARRIAGE OF PATSY J. ALESHIRE, a/k/a Patsy Hurst, Petitioner-Appellee and Cross-Appellant, and DAVID A. ALESHIRE, Respondent-Appellant and Cross-Appellee.

Third District   No. 3—94—0535

Opinion filed June 21, 1995.

No brief filed for appellant.

John A. Bernardi, of Pekin, for appellee.

JUSTICE BRESLIN delivered the opinion of the court:

The petitioner, Patsy Hurst, and the respondent, David Aleshire, filed cross-petitions to enforce the visitation provisions of a dissolution of marriage judgment. After entering a visitation schedule, the circuit court ordered David to pay 40% of Patsy's attorney fees and ordered the parties to mediate future nonemergency visitation disputes before seeking further relief in court. Patsy assigns error to the attorney fee and mediation rulings as well as to the trial court's finding that she interfered with David's visitation rights. We reverse.

David has not filed an appellee's brief. We find, however, that the record is sufficiently simple to allow proper review of the merits. See *In re Marriage of Vanderpool* (1994), 261 Ill. App. 3d 312, 634 N.E.2d 11.

When the parties divorced in 1989, they entered into a written settlement agreement which was incorporated into the dissolution judgment. By the terms of the agreement, Patsy became the custodian of the parties' two minor children and David was entitled to reasonable visitation. In addition, David assumed responsibility for the children's medical expenses that were not covered by insurance.

The parties subsequently experienced problems regarding visitation and payment of the children's medical expenses. Patsy's attorney informed David that Patsy would not allow him future visitation unless he signed a "Parental Declaration," which set forth several principles for divorced parents regarding the proper care of their children. David was further asked to sign various insurance forms relating to the children's medical expenses. David refused to sign the parental declaration or otherwise meet Patsy's requests.

In November 1993, Patsy filed an amended petition to enforce the settlement agreement's provisions. Count I alleged that David demanded visitation with little or no notice to Patsy and made disparaging comments about Patsy while exercising visitation. Count II alleged that David refused to reimburse Patsy for the children's medical expenses. Count III alleged that David interfered with Patsy's attempts to schedule ear surgery for one of the children and refused to give Patsy an insurance card which was needed to obtain medical insurance benefits. In response to Patsy's petition, David filed a cross-petition alleging that Patsy engaged in visitation abuse by conditioning visitation upon David's adherence to the parental declaration.

The court found that David's actions were "improper throughout" and thus found for Patsy on all three of her counts. It also found, however, that Patsy interfered with David's visitation rights. After entering a visitation schedule, the court ordered David to reimburse Patsy for medical expenses, to cooperate with Patsy in obtaining in-

surance benefits, and to pay 40% of the legal fees Patsy incurred in bringing her petition. In addition, the court ruled that the parties were to seek mediation of future nonemergency visitation issues before seeking relief in the circuit court. Patsy appeals.

The first issue we address is whether the trial court's finding that Patsy interfered with David's visitation rights was against the manifest weight of the evidence.

Section 607.1 of the Illinois Marriage and Dissolution of Marriage Act (Act) provides that visitation abuse occurs when a party has willfully and without justification denied another party visitation as set forth by the court. (750 ILCS 5/607.1(a) (West 1992).) A trial court's finding that a party committed visitation abuse will not be disturbed unless it is against the manifest weight of the evidence. *Cf. Pryweller v. Pryweller* (1991), 218 Ill. App. 3d 619, 628, 579 N.E.2d 432, 439 (manifest weight standard applied to finding of contempt).

■ The trial court found that Patsy committed visitation abuse by threatening to withhold visitation unless David signed the parental declaration. We agree with the trial court that Patsy was not in a position to impose this condition upon David's visitation rights. The record, however, shows that Patsy's actions stemmed from her concern about how David was treating the children, rather than from an intent to interfere with David's rights. In addition, there is no evidence in the record that Patsy actually denied David an opportunity to visit the children based upon his failure to sign the document. Therefore, we hold that Patsy's conduct did not amount to a willful and unjustifiable denial of David's visitation rights.

The next issue is whether the trial court abused its discretion by ordering David to pay only 40% of the attorney fees Patsy incurred in bringing her petition.

Section 508(b) of the Act provides:

> "In every proceeding for the enforcement of an order or judgment when the court finds that the failure to comply with the order or judgment was without cause or justification, the court shall order the party against whom the proceeding is brought to pay the costs and reasonable attorney's fees of the prevailing party." (750 ILCS 5/508(b) (West 1992).)

A trial court must award fees under section 508(b) if it finds that the underlying failure to comply with an order was without cause or justification. (*In re Marriage of Sanda* (1993), 245 Ill. App. 3d 314, 612 N.E.2d 1346.) The court's only discretion in this regard extends to its determination of the amount of reasonable fees. *Sanda*, 245 Ill. App. 3d at 319, 612 N.E.2d at 1349.

■ The trial court ordered David to pay 40% of Patsy's legal fees

after finding that David's conduct was improper and that Patsy interfered with David's visitation rights. Where a trial court finds that both parties have failed to comply with an order or judgment, we think it is appropriate under section 508(b) for the court to apportion attorney fees in a manner that reflects the parties' relative culpability. Here, however, we have found that Patsy did not commit visitation abuse. Therefore, David must be held accountable under section 508(b) for all of the fees Patsy incurred in bringing her petition.

The final issue is whether the trial court abused its discretion by ordering the parties to submit to mediation to resolve future non-emergency visitation issues before seeking relief in court.

We have found no statutory or common law authority for a trial court to order mediation of prospective visitation disputes in the absence of a preliminary finding that the issues in question are proper for mediation. The trial court does have authority to order mediation in certain instances; however, a review of this authority shows that it does not contemplate the ordering of prospective mediation.

■ Section 607.1 of the Act grants trial courts the authority to order mediation in cases of visitation abuse, but only after the court hears all of the evidence in the case. (750 ILCS 5/607.1(c)(4) (West 1992).) We interpret the language "after hearing all of the evidence" to mean that the trial court may order mediation only after assessing whether mediation would be useful in resolving a specific dispute before the court. Therefore, section 607.1 does not authorize trial courts to order mediation of prospective visitation disputes.

Apart from statutory authority, some judicial circuits provide for mediation by local rule, apparently pursuant to their inherent authority to regulate their dockets and calendars. (See *In re Marriage of Jackson* (1994), 259 Ill. App. 3d 538, 631 N.E.2d 848.) Such rules typically give trial courts broad discretion to order mediation, but only after an initial determination that it would be in the parties' best interests or that mediation would be appropriate in solving a particular problem. (See, *e.g.*, 11th Jud. Cir. R. 105(c) (eff. April 8, 1994); 18th Jud. Cir. Rules 15.18(a), (c) (eff. May 10, 1993) (Conciliation Program).) Thus, like section 607.1, the local rules include preliminary safeguards which are designed to ensure that mediation resources are not expended in cases where they might prove to be counterproductive.

In light of the safeguards imposed by statute and local rule, we find that the trial court abused its discretion by ordering the parties to submit prospective visitation issues to mediation. If the parties ex-

perience a future visitation dispute, the trial court must first ascertain the nature of the dispute to determine whether mediation might be useful to resolve the problem.

For the foregoing reasons, we reverse the judgment of the circuit court of Tazewell County and remand for further proceedings consistent with this order.

Reversed and remanded.

LYTTON and McCUSKEY, JJ., concur.