*In re* MARRIAGE OF REBECCA L. BAGGETT, n/k/a Rebecca L. Schou, Petitioner-Appellee and Cross-Appellant, and STEVEN D. BAGGETT, Respondent-Appellant and Cross-Appellee.

Fifth District    No. 5—95—0522

Opinion filed June 7, 1996.

Walden E. Morris, of Jelliffe, Ferrell & Morris, of Harrisburg, for appellant.

Gregory K. Stewart, of Conger & Elliott, P.C., of Carmi, for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

On August 14, 1992, the court entered a judgment of dissolution of the marriage of Rebecca and Steven Baggett. The judgment ordered Steven to pay Rebecca 25% of his income in child support. On August 4, 1994, Rebecca filed a petition to establish child support in a dollar amount and a petition for a rule to show cause for indirect civil contempt and attorney fees. On June 23, 1995, the trial court ruled that the child support provisions of its judgment were not void and that Steven was $17,047.32 in arrears on child support.

On appeal Steven argues that: (1) the court erred in finding that the child support provisions of the judgment were not void, and (2) the court's finding that Steven was $17,047.32 in arrears was contrary to the manifest weight of the evidence. On cross-appeal Rebecca

argues that the court erred in denying her petition for attorney fees and costs. We affirm in part and reverse in part and remand.

■ Section 505 of the Illinois Marriage and Dissolution of Marriage Act (Act) regulates child support orders:

"§ 505. ***

(a) ***

(1) The Court shall determine the minimum amount of support by using the following guidelines:

| Number of Children | Percent of Supporting Party's Net Income |
|---|---|
| 1 | 20% |
| 2 | 25% |
| 3 | 32% |
| 4 | 40% |
| 5 | 45% |
| 6 or more | 50% |

* * *

(5) If the net income cannot be determined because of default or any other reason, the court shall order support in an amount considered reasonable in the particular case. *The final order in all cases shall state the support level in dollar amounts.*" (Emphasis added.) 750 ILCS 5/505(a)(1), (a)(5) (West 1994).

The case law uniformly supports Steven's position that section 505(a)(5) requires child support to be set in a fixed dollar amount rather than as a percentage of income, but there is a split among the districts over whether a failure to specify a dollar amount in a child support order renders the order void.

The first group of cases is characterized by the first district, second division, case, *In re Marriage of Sheetz*, 254 Ill. App. 3d 695, 627 N.E.2d 154 (1993), and the second district case, *In re Marriage of Ingram*, 259 Ill. App. 3d 685, 631 N.E.2d 386 (1994). *Sheetz* held that section 505(a)(5) of the Act curtailed the authority of the trial court to enter a percentage-based child support order. *Sheetz*, 254 Ill. App. 3d at 695, 627 N.E.2d at 154. *Ingram* recognized that courts had the power to enter percentage awards before section 505(a)(5) was amended, but the court stated that section 505(a)(5) eliminated that power. *Ingram*, 259 Ill. App. 3d at 690, 631 N.E.2d at 390. According to this interpretation of jurisdiction, an order which states child support as a percentage of income rather than a dollar amount violates section 505(a)(5) of the Act, exceeds the court's jurisdiction, and is void. *Sheetz*, 254 Ill. App. 3d at 700, 627 N.E.2d at 158.

*In re Marriage of Campbell*, 261 Ill. App. 3d 483, 633 N.E.2d 797

(1993), also from the first district, second division, was filed three months after *Sheetz*, but it did not follow *Sheetz*. Instead, *Campbell* held that the court erred in stating the child support obligation as a percentage of the father's income rather than a specific dollar amount, but it remanded the case for the limited purpose of modifying the child support order. *Campbell*, 261 Ill. App. 3d at 493, 633 N.E.2d at 804.

In 1991, in *In re Marriage of Fahy*, 208 Ill. App. 3d 677, 567 N.E.2d 552 (1991), the first district, third division, implicitly recognized the validity of an order expressing child support in percentage terms. In *Fahy*, the court ordered the father to pay $700 per month or 45% of his net income. *Fahy*, 208 Ill. App. 3d at 696-97, 567 N.E.2d at 564. The appellate court indicated that the 45% provision was error, but it intimated that the order was not void. *Fahy*, 208 Ill. App. 3d at 697, 567 N.E.2d at 564.

The first district, third division, intimation of *Fahy* became the first district, third division, holding in *In re Marriage of Liss*, 268 Ill. App. 3d 919, 645 N.E.2d 341 (1st Dist. 3d Div. 1994), which refused to follow *Sheetz*'s interpretation of jurisdiction and followed the reasoning of *In re Marriage of Florence*, 260 Ill. App. 3d 116, 122, 632 N.E.2d 681, 685 (1994). In *Liss*, Justice Greiman reviewed many of the cases in this area, examined the legislative history, and concluded that the order requiring the father to pay $100 per week in child support or 20% of his net income, whichever was greater, carried out the statutory goals of the Act. *Liss*, 268 Ill. App. 3d at 920-23, 645 N.E.2d at 343-44. Thus, although the first district was the first to hold that child support orders phrased in percentage terms were void (*Sheetz*), it is clear that the *Sheetz* position is not uniformly accepted in that district.

The fourth district made it clear that the *Sheetz* position is not accepted when it issued its opinion in *In re Marriage of Florence*, 260 Ill. App. 3d 116, 632 N.E.2d 681 (1994). *Florence* held that a child support judgment that fails to use dollar amounts is erroneous but not void. *Florence*, 260 Ill. App. 3d at 122, 632 N.E.2d at 685. *Florence* declined to follow *Sheetz*'s position that courts have no inherent powers in dissolution of marriage proceedings and that the court's jurisdiction is completely conferred by statute. *Florence*, 260 Ill. App. 3d at 121, 632 N.E.2d at 684-85. Instead, *Florence* held that the cases relied upon for this view of jurisdiction considered property distribution only. *Florence*, 260 Ill. App. 3d at 120, 632 N.E.2d at 685. *Florence* found no case which held that the circuit courts have no inherent power in the area of child custody or support, and the court ruled that as a matter of public policy it would be imprudent to void all

such orders. *Florence*, 260 Ill. App. 3d at 120, 632 N.E.2d at 685. *Florence* rejected the jurisdictional view espoused in *Sheetz* that misconstruing a statute eliminates a court's jurisdiction even though the court has subject-matter jurisdiction and jurisdiction over the parties. *Florence*, 260 Ill. App. 3d at 121, 632 N.E.2d at 684. *Florence* held that as long as a court has jurisdiction and the authority to make a decision, an order could not be void. *Florence* pointed out:

> "The legislature did not expressly direct that orders for child support not set in dollar amounts are void. Had the legislature intended that result, it would have said so. As a matter of public policy, it would be imprudent to conclude that all such orders are void." *Florence*, 260 Ill. App. 3d at 121, 632 N.E.2d at 685.

Although other cases have ruled on whether a trial court's order was erroneous, they have not specifically addressed whether the orders were void. See *In re Marriage of Campbell*, 261 Ill. App. 3d 483, 633 N.E.2d 797 (1st Dist. 2d Div. 1993); *In re Marriage of Fahy*, 208 Ill. App. 3d 677, 567 N.E.2d 552 (1st Dist. 3d Div. 1991); *In re Marriage of Ferguson*, 207 Ill. App. 3d 649, 566 N.E.2d 335 (1st Dist. 5th Div. 1990); *In re Marriage of Macino*, 236 Ill. App. 3d 886, 603 N.E.2d 105 (2d Dist. 1992); *In re Marriage of Pihaly*, 258 Ill. App. 3d 851, 627 N.E.2d 1297 (2d Dist. 1994); *In re Marriage of Wassom*, 165 Ill. App. 3d 1076, 519 N.E.2d 1147 (4th Dist. 1988). It would appear that these cases, which held that the court was in error, were implicitly holding that the order was not void, although no explicit statement or discussion on that point was provided.

■ We agree with the view of jurisdiction found in *Florence* and *Liss*. See also R. Martineau, *Subject Matter Jurisdiction as a New Issue on Appeal: Reining in an Unruly Horse*, 1988 B.Y.U. L. Rev. 1 (1988) (an expression of concern over cases that unnecessarily resolve controversies by concluding there was a lack of jurisdiction). We hold that the original order in this case improperly designated child support as a percentage of the father's income rather than listing a dollar amount as required by statute. We affirm the court's finding that the original order was not void. We similarly affirm the court's June 23, 1995, order which adopts the parties' agreement that the father pay $125 per month in child support from that date forward. However, we must remand so that the trial court can determine a specific dollar amount for child support from the date of the original divorce decree through June 23, 1995.

■ Steven's second argument is that the court erred in finding him in arrears $17,047.32 because it is contrary to the manifest weight of the evidence. Both parties agree that since their divorce Steven had paid Rebecca some money in cash for child support. The

parties disagree as to the amount paid. Steven testified that he paid between $100 and $150 per week from August 14, 1992, the date of the divorce, to August 4, 1994, when Rebecca filed her petitions. Rebecca admitted that her records from August 1992 to August 1994 were not complete. However, she introduced records showing that from December 1993 to July 1994 Steven had paid her $740 in cash.

We find the court's calculation of the child support arrearage to be against the manifest weight of the evidence. The court's adoption of Rebecca's argument that $17,047.32 was due in child support arrearage is not supported by the record because it is unclear how much child support was paid from the date of the original decree in 1992 until the 1994 petitions were filed. This issue is further complicated because no specific dollar amount was established in the original order. We remand to have the specific amount of child support owed established and for the court to determine whether Steven was in arrears of his child support obligation and, if so, by how much.

On cross-appeal, Rebecca argues that the court erred in denying her petition for attorney fees and costs for her 1994 petition to enforce the provisions of the 1992 child support order. Specifically, Rebecca argues that: (1) the court erred in finding that Steven was not in contempt of the original order, and (2) the court erred in failing to find that Steven's noncompliance with the child support provisions of the original order was without cause or justification.

Whether a party is guilty of contempt is a question of fact for the trial court, and that court's ruling will not be disturbed on appeal unless it is against the manifest weight of the evidence or the record reflects an abuse of discretion. *In re Marriage of Hardy*, 191 Ill. App. 3d 685, 688, 548 N.E.2d 139, 141 (1989). When an order has not been complied with, the court need not find the respondent in contempt, but it should then determine whether any failure to pay was "without cause or justification" for purposes of mandatory attorney fees under section 508 of the Act. *In re Marriage of Roach*, 245 Ill. App. 3d 742, 748, 615 N.E.2d 30, 34 (1993). Section 508(b) of the Illinois Marriage and Dissolution of Marriage Act states:

> "(b) In every proceeding for the enforcement of an order or judgment when the court finds that the failure to comply with the order or judgment was without cause or justification, the court shall order the party against whom the proceeding is brought to pay the costs and reasonable attorney's fees of the prevailing party." 750 ILCS 5/508(b) (West 1994).

●4 The June 23, 1995, order found Steven not guilty of contempt because Steven had made some child support payments since the dissolution of marriage. Rebecca testified that Steven had paid $750 in

child support from December 1993 to July 1994. Both Rebecca and Steven testified that Steven paid child support in cash directly to Rebecca, who did not keep careful records except for the December 1993 to July 1994 period. Under these circumstances, we conclude that the court did not err in refusing to find Steven in contempt of court.

■ Rebecca's final argument is that the court erred in failing to find that Steven's failure to comply with the child support provisions of the original order was "without cause or justification." In general, courts have broad discretion in determining whether to grant attorney fees in divorce proceedings, and the trial court's discretion will not be interfered with unless it is clearly abused. *In re Marriage of Dieter*, 271 Ill. App. 3d 181, 191-92, 648 N.E.2d 304, 312 (1995). However, when a party's failure to comply with an order is without cause or justification, an award of reasonable attorney fees and costs is mandatory (*Dieter*, 271 Ill. App. 3d at 192, 648 N.E.2d at 312) and the court's discretion is limited to its determination of the amount of reasonable fees. *In re Marriage of Aleshire*, 273 Ill. App. 3d 81, 652 N.E.2d 383 (1995).

Under section 508(b), if one party to a dissolution does not fulfill a condition imposed upon him or her by an order, the party not in compliance has the burden to produce evidence of his cause or justification. *In re Marriage of Sanda*, 245 Ill. App. 3d 314, 319, 612 N.E.2d 1346, 1350 (1993). In this case, the record is devoid of any evidence of Steven's cause or justification for not complying with the order. Therefore, we hold that the court erred in not granting Rebecca attorney fees, and we remand for the court to determine a fair and reasonable amount of attorney fees. *Sanda*, 245 Ill. App. 3d at 321, 612 N.E.2d at 1346.

Affirmed in part and reversed in part; cause remanded.

KUEHN and GOLDENHERSH, JJ., concur.